UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HAKIM SCOTT,

               Petitioner,

      v.                                    **DECISION & ORDER**
                                               16-CV-3218 (WFK)

SUPERINTENDENT HAROLD GRAHAM,

               Respondent.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Hakim Scott ("Petitioner"), proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction for Manslaughter in the First-Degree and Attempted Assault in the First Degree. Petitioner raises two grounds for relief: (1) evidence of Petitioner's guilt of First Degree Manslaughter was legally insufficient; and (2) Petitioner's absence during supplemental jury instructions violated his "right to be present." For the reasons discussed below, the Petition is DENIED.

## BACKGROUND

### I. Conviction and Sentencing

On December 7, 2008, at approximately 3:30 A.M., in Brooklyn, New York, two Ecuadorian brothers José and Romel Sucuzhanay hugged as they approached an intersection where an SUV was stopped at a red light. Aff. of Seth M. Lieberman in Opp'n to Pet. ¶ 2, ECF No. 6 ("Lieberman Aff."). Petitioner was a passenger and his friend, Keith Phoenix, was the driver of the SUV. *Id.* Phoenix began yelling racial and homophobic slurs out the window at the Sucuzhanay brothers. *Id.* When one of the brothers allegedly kicked the SUV, Petitioner exited the vehicle with a beer bottle and struck José on the head, breaking the bottle and causing José to fall to the ground incapacitated. *Id.* Petitioner then attempted to cut Romel's throat with the broken beer bottle. *Id.* Romel fled and Petitioner pursued him, still holding the bottle. *Id.* Meanwhile, Phoenix exited the SUV and retrieved a bat from the cargo area. *Id.* Before he fled, Romel saw Phoenix swing the bat at José. *Id.* Phoenix continued to strike José in the head and

1

body with the bat as he lay on the ground. *Id.* Petitioner, who knew Phoenix kept a bat in the SUV, gave up his pursuit of Romel, returned to the SUV with Phoenix, and drove off. *Id.* José died the next day due to multiple fractures to the skull and brain injuries. *Id.* at 3.

Petitioner was charged with one count each of Murder in the Second Degree as a Hate Crime (N.Y. Penal Law §§ 125.25[1], 485.05[1][a]), Murder in the Second Degree (N.Y. Penal Law § 125.25[1]), Manslaughter in the First Degree as a Hate Crime (N.Y. Penal Law §§ 125.20[1], 485.05[1][a]), Manslaughter in the First Degree (N.Y. Penal Law § 125.20[1]), Assault in the First Degree as a Hate Crime (N.Y. Penal Law §§ 120.10[1], 485.05[1][a]), Assault in the First Degree (N.Y. Penal Law § 120.10[1]), Attempted Assault in the First Degree as a Hate Crime (N.Y. Penal Law §§ 110.00/120.10[1], 485.05[1][a]), and Attempted Assault in the First Degree (N.Y. Penal Law § 110.00/120.10[1]); and two counts of Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01[2]). *Id.* ¶ 4. Petitioner was tried by a jury in the Supreme Court of Kings County before the Honorable Justice Patricia DiMango. *Id.* ¶ 59.

The jury convicted Petitioner of Manslaughter in the First Degree and Attempted Assault in the First Degree. *Id.* The jury acquitted Petitioner of the counts of Murder in the Second Degree as a Hate Crime, Murder in the Second Degree, Manslaughter in the First Degree as a Hate Crime, and Attempted Assault in the First Degree as a Hate Crime. *Id.* The trial court sentenced Petitioner on August 5, 2010 to consecutive prison terms of twenty-five years on the manslaughter count and twelve years on the attempted assault count as well as five years of post-release supervision. *Id.* ¶ 60.

2

## II. Post-Conviction Activity

In 2012, Petitioner, with the assistance of counsel, appealed his conviction to the Supreme Court Appellate Division, Second Department ("Appellate Division") claiming: (1) the evidence of his guilt of Manslaughter in the First Degree was legally insufficient and against the weight of the evidence because there was no evidence Petitioner had inflicted any fatal injury and there was insufficient proof Petitioner and Phoenix had acted in concert; and (2) his absence during the court's supplemental charge to the jury regarding the dates pertaining to the homicide counts violated his constitutional right to be present at trial and the laws of New York Criminal Procedure. Petition ("Pet.") at 19–20, ECF No. 1.

On May 22, 2013, the Appellate Division affirmed the judgment and modified Petitioner's judgment of conviction "as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of attempted assault in the first degree from a determinate term of imprisonment of 12 years to a determinate term of imprisonment of 4 years." *People v. Scott*, 106 A.D.3d 1030, 1031 (N.Y. App. Div. 2d Dep't 2013). The Appellate Division affirmed the evidence was legally sufficient to convict Petitioner of First Degree Manslaughter and Petitioner was not deprived of his right to be present. *Id.* at 1032.

The New York Court of Appeals granted Petitioner leave to appeal. *People v. Scott*, 9 N.E.3d 918 (N.Y. 2014). On appeal Petitioner again raised the legal sufficiency claim and the "right to be present" claim he presented to the Appellate Division. Pet. at 63–78. On June 11, 2015, the New York Court of Appeals affirmed the Appellate Division's order, holding evidence of Petitioner's guilt was legally sufficient and Petitioner's absence during the supplemental

3

instructions did not violate his right to be present. *People v. Scott*, 35 N.E.3d 476, 476–78 (N.Y. 2015).

On June 9, 2016, Petitioner filed the instant Petition for a writ of *habeas corpus* in the Eastern District of New York. Pet. at 1. The State of New York responded in opposition on March 2, 2017. ECF Nos. 6–13. Petitioner did not file a reply to the State's opposition.

## DISCUSSION

### I. Legal Standard

The Court's review of the Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal *habeas* court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). A writ of *habeas corpus* shall only be granted if the state court's adjudication on the merits, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Because the Court of Appeals adjudicated Petitioner's claims on the merits, the Court's review is highly deferential to the state court's determination. *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) ("AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.") (citation and internal quotation marks omitted). With these legal principles in mind, the Court now turns to the

4

analysis of Petitioner's request for *habeas* relief based on alleged legal insufficiency of evidence to convict Petitioner of First Degree Manslaughter and violation of Petitioner's "right to be present."

### A.   Petitioner's *Habeas* Claims

Petitioner does not specify the grounds for his *habeas* petition. In the portion of the petition addressing "GROUND ONE" and "GROUND TWO," Petitioner writes "look at brief" and in the portion addressing "Supporting facts" Petitioner writes "see attached appellate brief. Also Court of Appeals Brief." Pet. at 5–6. Petitioner attaches copies of his Appellate Division and New York Court of Appeals briefs. Pet. at 15–79.

Insofar as Petitioner's Appellate Division brief raised any claims Petitioner did not present in his Court of Appeals brief, any such claims are unexhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *Id.*; *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 71 (2d Cir. 2011) (stating a federal *habeas* "will not consider claims that have not been exhausted by fair presentation to the state courts").

### B.   Petitioner's Legal Insufficiency Claim Does Not Entitle Him to *Habeas* Relief

Petitioner's first ground for relief, that evidence of his guilt of First-Degree Manslaughter was legally insufficient, does not warrant *habeas* relief. Petitioner presented his legal sufficiency claim in his briefs to the New York Court of Appeals. State Court Record at 11:6–14 ("R.").[1]

"When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is twice-deferential. A state court

---

[1] As the State Court Record is comprised of multiple documents without consistent pagination, in this Decision & Order, page citations to the State Court Record refer to the ECF docket entry followed by the PDF page number of the document to which the citation refers.

reviewing a jury verdict of guilty must . . . 'view the evidence in the light most favorable to the prosecution' and must not uphold a challenge to the sufficiency of the evidence if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012) (quoting *Parker v. Matthews*, 567 U.S. 37, 43 (2012)) (internal quotation marks, alterations, and citations omitted). Moreover, "the federal court in a habeas proceeding may not overturn the state-court decision rejecting a sufficiency challenge . . . unless the decision was objectively unreasonable," *id.* (internal quotation marks and citation omitted), and the state habeas judge's factual findings and credibility determinations are "presumed to be correct." 28 U.S.C. § 2254(e)(1).

Here, the jury could have reasonably concluded Petitioner was acting in concert with Phoenix in committing first degree manslaughter. "[T]o be liable under an acting in concert theory, the accomplice and principal must share a 'community of purpose.'" *Scott*, 35 N.E.3d at 477. At trial Romel "testified that Phoenix exited [the SUV] at the same time as [Petitioner] and, that after [Petitioner] hit José with the bottle, Romel could see Phoenix coming toward José with the bat. Thus, under Romel's version of events, [Petitioner] and Phoenix were out of the car at the same time, both acting in a manner intending to cause harm to José. Additionally, another eyewitness testified that he observed Phoenix swing the bat at one of the brothers while [Petitioner] was present." *Id.*

The Court of Appeals correctly noted, although this is "a close case" "[v]iewing the evidence . . . in the light most favorable to the People, a reasonable jury could infer that a community of purpose existed between defendant and Phoenix." *Id.* The jury could have reasonably concluded there was a community of purpose between Petitioner and the other defendant when they left the SUV at the same time to attack the victims. Therefore, in

6

upholding Petitioner's conviction, New York Court of Appeals' adjudication did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Accordingly, this Court has no cause to disturb the Second Department's determination a "reasonable jury could infer that a community of purpose existed between [Petitioner] and Phoenix. Therefore, legally sufficient evidence exists to support the conclusion that [Petitioner] and Phoenix were acting in concert and caused the death of José." *Scott*, 35 N.E.3d at 477.

    **C.**    **Petitioner's "Right to be Present" Claim Does Not Warrant *Habeas* Relief**

Petitioner's second ground for relief, his absence during the trial court's supplemental charge to the jury regarding the dates pertaining to the homicide counts violated his constitutional right to be present at trial, also does not warrant *habeas* relief. Petitioner argued his "right to be present" claim in his briefs to the New York Court of Appeals. R. at 11:14–19. As stated above, AEDPA requires federal courts to apply a "highly deferential standard" when conducting habeas corpus review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico*, 559 U.S. at 773 (internal quotation marks and citations omitted).

A defendant has "a due process right to be present in [ ] person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citation and internal quotation marks omitted). Here, the trial court's supplemental instruction to the jury clarified the dates of the crimes in the jury charge, which were the same dates set forth in the indictment. R. at 9:247–48.

7

("THE COURT: . . . yesterday, when I was charging, I said the dates were the 7th and the 8th, and then they -- the parties said no, the 6th and the 7th. Well, it's the 7th and the 8th . . . Everybody agreed I can tell you that. As you can see, there's no one here.").

Petitioner's claim lacks merit because his presence during a supplemental jury instruction clarifying the dates of the crimes, had no "relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Stincer*, 482 U.S. at 745; *see also Monroe v. Kulman*, 433 F.3d 236, 246–47 (2d Cir. 2006) (affirming dismissal of a habeas petition because the benefit of petitioner's presence during an uncritical part of the proceedings was "speculative and likely to be minimal"). Therefore, the Court of Appeals correctly held, "[b]ecause the court's instruction was a technical conformance with the indictment that did not require defendant's presence, no mode of proceedings error occurred." *Scott*, 35 N.E.3d at 478. Petitioner's claim for *habeas* on this ground must be DENIED.

## CONCLUSION

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED

s/ WFK

Dated: May 1, 2020
Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

8